1  Joseph R. Re (Bar No. 134479)
   joseph.re@knobbe.com
2  Stephen C. Jensen (Bar No. 149894)
   stephen.jensen@knobbe.com
3  Irfan A. Lateef (Bar No. 204004)
4  irfan.lateef@knobbe.com
   KNOBBE, MARTENS, OLSON & BEAR, LLP
5  2040 Main Street
   Fourteenth Floor
6  Irvine, CA  92614
7  Phone: (949) 760-0404
   Facsimile: (949) 760-9502
8
   Attorneys for Defendants Masimo Corporation and
9  Cercacor Laboratories, Inc.

10

11                      IN THE UNITED STATES DISTRICT COURT

12                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                                  OAKLAND DIVISION

14
   DOMINION ASSETS LLC, a Delaware Limited    )  Civil Action No. 4:12-02773 CW (NC)
15 Liability Company,                         )
                                              )  Honorable Claudia Wilken
16                                            )  Magistrate Judge Nathanael Cousins
              Plaintiff,                      )
17                                            )
        v.                                    )  **MASIMO CORPORATION'S**
18                                            )  **ANSWER TO COMPLAINT FOR**
                                              )  **PATENT INFRINGEMENT AND**
19 MASIMO CORPORATION, a Delaware             )  **COUNTERCLAIMS**
   Corporation, and CERCACOR                  )
20 LABORATORIES, INC. (f/k/a MASIMO           )  **DEMAND FOR JURY**
   LABORATORIES, INC.), a Delaware            )
21 Corporation,                                )
                                              )
22            Defendants.                     )
                                              )
23                                            )

24

25

26

27

28

**MASIMO CORPORATION'S ANSWER TO**
**COMPLAINT AND COUNTERCLAIMS**                                **CASE NO.: 4:12-cv-02773-CW (NC)**

*1*   Defendant Masimo Corporation (hereinafter "Defendant or Masimo") hereby answers

*2*   the Complaint of Plaintiff Dominion Assets LLC as follows:

*3*   **ORIGINAL COMPLAINT**

*4*   1.   Masimo admits that the Complaint concerns patents regarding passing light
*5*   radiation through body tissue to attempt to measure constituents of the blood.  Masimo lacks
*6*   knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining
*7*   allegations in Paragraph 1 of the Complaint, and therefore denies the same.

*8*   2.   Masimo admits that it provides and sells market leading pulse oximeters and
*9*   pulse CO-oximeters to hospitals and alternate care markets for patient monitoring of a variety
*10*  of blood constituents throughout the United States.  Masimo denies the remaining allegations
*11*  contained in Paragraph 2 of the Complaint.

*12*  3.   Masimo admits that it introduced a series of improvements to its pulse
*13*  oximeters based, in part, on measuring the absorption of light at multiple wavelengths beyond
*14*  the two used in conventional pulse oximetry, admits that it introduced its Rainbow Set
*15*  platform based, in part, on certain technology licensed from Cercacor to provide reliable,
*16*  real-time monitoring of additional parameters beyond arterial blood oxygen saturation and
*17*  pulse rate, admits that the Masimo Rainbow SET platform can distinguish oxygenated
*18*  hemoglobins from certain dyshemoglobins, hemoglobin incapable of transporting oxygen,
*19*  and allows for the rapid, non-invasive monitoring of hemoglobin, carboxyhemoglobin,
*20*  methemoglobin, and pleth variability index, referred to as Pulse CO-oximetry.

*21*  4.   Masimo admits that it developed a multi-wavelength sensor but denies the
*22*  remaining allegations in Paragraph 4 of the Complaint.

*23*  **PARTIES**

*24*  5.   Masimo lacks knowledge or information sufficient to form a belief as to the
*25*  truth of Plaintiff's allegations in Paragraph 5 of the Complaint, and therefore denies the same.

*26*  6.   Masimo admits the allegations of Paragraph 6.

*27*  7.   Masimo admits the allegations of Paragraph 7.

*28*  / / /

## JURISDICTION AND VENUE

8. Masimo admits the allegations of Paragraph 8.

9. Masimo admits that venue is proper but denies the remaining allegations of Paragraph 9.

## INTRADISTRICT ASSIGNMENT

10. Masimo admits the allegations of Paragraph 10.

## FACTUAL BACKGROUND

11. Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12. Masimo admits that on November 1, 1994, United States Patent No. 5,360,004 ("the '004 patent") entitled "Non-Invasive Determination Of Analyte Concentration Using Non-Continuous Radiation" was issued.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Masimo admits that on January 10, 1995, United States Patent No. 5,379,764 ("the '764 patent") entitled "Non-Invasive Determination of Analyte Concentration In Body Of Mammals" was issued.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. Masimo admits that on October 24, 1995, United States Patent No. 5,460,177 ("the '177 patent") entitled "Method For Non-Invasive Measurement Of Concentration Of Analytes In Blood Using Continuous Spectrum Radiation" was issued.  Masimo lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Masimo admits that the '004, '764 and '177 patents discuss measuring non-invasively components in the blood of humans, but denies the remaining allegations of Paragraph 15.

*1*   16.   Masimo admits that 35 U.S.C. § 282 states that "[a] patent shall be presumed

*2* valid."

*3*   17.   Masimo admits the allegations of Paragraph 17.

*4*   18.   Masimo denies the allegations of Paragraph 18.

*5*   19.   Masimo denies the allegations of Paragraph 19.

*6*   20.   Masimo admits that its Chief Executive Officer, its General Counsel and its

*7* outside counsel became aware of the patents-in-suit on or about November 1, 2010.  Masimo

*8* denies the remaining allegations of Paragraph 20.

*9* **COUNT I**

*10* **(DEFENDANT'S PATENT INFRINGEMENT)**

*11*   21.   Masimo repeats and realleges its responses to the allegations in Paragraphs 1-

*12* 20 of the Complaint as though fully set forth herein.

*13*   22.   Masimo lacks knowledge or information sufficient to form a belief as to the

*14* truth of Plaintiff's remaining allegations in Paragraph 22 of the Complaint, and therefore

*15* denies the same.

*16*   23.   Masimo denies the allegations in Paragraph 23 of the Complaint.

*17*   24.   Masimo denies the allegations in Paragraph 24 of the Complaint.

*18*   25.   Masimo denies the allegations in Paragraph 25 of the Complaint.

*19*   26.   Masimo denies the allegations in Paragraph 26 of the Complaint.

*20*   27.   Masimo denies the allegations in Paragraph 27 of the Complaint.

*21*   28.   Masimo denies the allegations in Paragraph 28 of the Complaint.

*22* **AFFIRMATIVE DEFENSES**

*23*   Without assuming any burden that it would not otherwise bear, Masimo asserts the

*24* following defenses.  Masimo reserves the right to amend its answer as further information

*25* becomes available.

*26* / / /

*27* / / /

*28* / / /

### FIRST AFFIRMATIVE DEFENSE
### NONINFRINGMENT OF THE PATENTS-IN-SUIT

29.  Masimo has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claim of the '004 patent, '764 patent or the '177 patent.

### SECOND AFFIRMATIVE DEFENSE
### INVALIDITY OF THE PATENTS-IN-SUIT

30.  One or more claims of the '004 patent, '764 patent and the '177 patent are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### CLAIM FOR DAMAGES BARRED

31.  Plaintiff's claim to damages is barred in whole or in part by 35 U.S.C. § 286 and/or § 287.

### FOURTH AFFIRMATIVE DEFENSE
### ESTOPPEL

32.  Plaintiff's claim to damages is barred in whole or in part by laches, estoppel and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM

33.  Plaintiff fails to state a claim for which relief can be granted.

### COUNTERCLAIMS

Masimo brings the following counterclaims against Plaintiff for judgment as follows:

### PARTIES

1.  Masimo is a corporation organized under the laws of the State of Delaware, with its principal place of business at 40 Parker, in Irvine, California.

/ / /

*1*   2.   By its Complaint, Plaintiff Dominion Assets LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Potomac Falls, Virginia.

## JURISDICTION AND VENUE

3.   This action arises under the Patent Laws of the United States and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, based upon an actual controversy between Masimo and Dominion Assets LLC.

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.  This Court has personal jurisdiction over Plaintiff Dominion Assets LLC (hereinafter "Dominion") because Dominion has availed itself of this Court through the filing of the Complaint.  Dominion alleges that it is the owner of the 'United States Patent Nos. 5,360,004 ("'004 patent"), 5,379,764 ("'764 patent") and 5,460,177 ("'177 patent").

5.   Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

6.   This action is an intellectual property action subject to the district-wide assignment basis pursuant to Local Rule 3-2(c).  On June 5, 2012, the Court reassigned this matter to Judge Claudia Wilken in the Oakland Division of the Northern District of California.

## FIRST CLAIM FOR RELIEF:
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

7.   Dominion has asserted in its Complaint claims of patent infringement against Masimo based on the '004, '764 and '177 patents.  Masimo has denied that it has infringed or is infringing any valid claims of these patents.  Thus an immediate, real, and justiciable controversy now exists between Masimo and Dominion with respect to the '004, '764 and '177 patents.

/ / /

/ / /

*1*      8.    Masimo has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the '004, '764 and '177 patents.

*4*      9.    Masimo seeks a declaration from this Court that Masimo has not directly or indirectly infringed and does not infringe (either literally or under the doctrine of equivalents) any valid claims of the '004, '764 and '177 patents.

### SECOND CLAIM FOR RELIEF:

### DECLARATORY JUDGMENT OF INVALIDITY

10.    Dominion has asserted in its Complaint claims of patent infringement against Masimo based on the '004, '764 and '177 patents. Masimo has denied that it has infringed or is infringing any valid claims of the '004, '764 and '177 patents. Thus an immediate, real, and justiciable controversy now exists between Masimo and Dominion with respect to the '004, '764 and '177 patents.

11.    One or more claims of the '004, '764 and '177 patents are invalid for failure to satisfy one or more of the statutory requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or 112.

12.    Masimo seeks a declaration from this Court that the claims of the '004, '764 and '177 patents are invalid.

### PRAYER FOR RELIEF

As to its counterclaims against Dominion, Masimo respectfully prays:

A.    For an order dismissing with prejudice all claims against Masimo and denying all relief requested by Dominion;

B.    That the Court enter judgment declaring that Masimo does not infringe, and has not infringed, any claims of the '004, '764 and '177 patents;

C.    That the Court enter judgment declaring the claims of the '004, '764 and '177 patents to be invalid;

/ / /

/ / /

*1*        D.      That the Court find this case to be an exceptional case under 35 U.S.C. § 285

*2*  and that Masimo is entitled to recover its reasonable attorney fees upon prevailing in this

*3*  action;

*4*        E.      That the Court award Masimo its costs;

*5*        F.      That Masimo be awarded such other and further relief as the Court deems just

*6*  and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 26, 2012          By: */s/ Joseph R. Re*
        Joseph R. Re
        Stephen C. Jensen
        Irfan A. Lateef
        KNOBBE, MARTENS, OLSON & BEAR, LLP
        2040 Main Street, Fourteenth Floor
        Irvine, CA  92614
        Telephone:  (949) 760-0404
        Facsimile:  (949) 760-9502
        joseph.re@knobbe.com
        stephen.jensen@knobbe.com
        irfan.lateef@knobbe.com

        Attorneys for Defendants, Masimo Corporation and Cercacor Laboratories, Inc.

**MASIMO CORPORATION'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**      **CASE NO.: 4:12-cv-02773-CW (NC)**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Masimo Corporation requests a trial by jury as to all triable issues.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 26, 2012   By: */s/ Joseph R. Re*

Joseph R. Re
Stephen C. Jensen
Irfan A. Lateef
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:  (949) 760-9502
joseph.re@knobbe.com
stephen.jensen@knobbe.com
irfan.lateef@knobbe.com

Attorneys for Defendants, Masimo Corporation and Cercacor Laboratories, Inc.

# CERTIFICATE OF CM/ECF SERVICE

I hereby certify that on July 26, 2012, I caused the **MASIMO CORPORATION'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS AND JURY DEMAND** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all attorneys of record.

I certify and declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the forgoing is true and correct.

Executed on July 26, 2012, at Irvine, California.

*/s/ Claudia Watson*
Claudia Watson