UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINION ASSETS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MASIMO CORPORATION, et al.,<br><br>    Defendants. | Case No. 12-cv-02773-CW  (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 62 |

The Court is in receipt of the parties' joint discovery dispute letter, filed December 13, 2013. Dkt. No. 62. In the letter, Plaintiff Dominion Assets, LLC requests that the Court overrule Defendant Masimo Corporation's objections to providing access to its source code[1] to Plaintiff's technical expert and proposed source code reviewers. On December 9, 2013, Masimo requested that Dominion's experts (1) not be employed in a competing venture in the areas of Pulse Oximetry or the measuring of blood constituents for an unlimited period of time, and (2) not do any further research in those areas. *Id.* at 3. Masimo argues that its Rainbow SET® blood-constituent technology has not been replicated, and that at least one of Dominion's experts, Dr. Causevic, has a prolific history of working on behalf of medical device companies adverse to Masimo. Jt. Ltr. at 6. Masimo states that it does not seek to restrict his work as an expert, but only designing, developing, or consulting regarding competing products. *Id.* Masimo contends that once Dr. Causevic and the others review the source code, they will then know how Rainbow SET® functions and it would be impossible for them to segregate that knowledge, if any of them

---

[1] Masimo's Rainbow SET® is trade secret technology for the noninvasive measurement of blood constituents, including total hemoglobin, oxygen content, carboxyhemoglobin, and methemoglobin. Jt. Ltr. at 4.

were then to consult or do research in this field in the future. *Id.*

In response, Dominion argues that its consultants are not engaging in development and design roles with any firm involved in the sale of products providing the non-invasive measurement of blood constituents. *Id.* at 3. Dominion further argues that substantial protections have been put in place to prevent copying Masimo's code – the consultants have signed the protective order agreeing that all information to which they are given access is to be used only in connection with their work on this case. *Id.* Dominion further argues that Masimo's demand for greater restriction is unreasonable and in excess of what is necessary to protect its trade secret, and that Masimo's proposed language seems a thinly veiled attempt to prohibit Dr. Causevic from working on any other case against Masimo, regardless of whether that case involves review of the same code as available here. *Id.* If the Court were inclined to grant Masimo's request, Dominion submits that Masimo's request should be limited to the following: (1) eliminating the proposed restriction on "researching" and limiting the scope of the restriction to participation in the "design or development" of pulse oximetry and measuring blood constituents products; and (2) limiting the term of the agreement to two years. *Id.*

Upon review of the parties' arguments, the Court finds that Mr. Causevic's ongoing work and relationships with competitors in the field creates a risk of unintentional disclosure of Masimo's highly confidential information. Further, Dominion has not shown that Mr. Causevic has unique knowledge that could not be found in another expert. Thus, there is a tangible risk that Mr. Causevic will not be able to separate the highly confidential information he gleans from reviewing Masimo's source code, and this finding is not outweighed by a showing that he has expertise that other experts do not. *Symantec Corp. v. Acronis Corp.*, 2012 WL 3582974, at *3 (N.D. Cal. Aug. 20, 2012). However, the Court also recognizes that Masimo has been aware of Dr. Causevic's role in this case at least since August 2013 and Dominion has spent thousands of dollars on Dr. Causevic's services based on the understanding that he would be provided access to the code. Jt. Ltr. at 2-3. Accordingly, the Court GRANTS Masimo's request for a protective order, but limited as follows: (1) eliminating the proposed restriction on "researching" and limiting the scope of the restriction to participation in the "design or development" of pulse

oximetry and measuring blood constituents products; and (2) limiting the term of the agreement to six years.

**IT IS SO ORDERED.**

Dated: December 16, 2013

_____
MARIA-ELENA JAMES
United States Magistrate Judge