UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINION ASSETS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MASIMO CORPORATION, et al.,<br><br>    Defendants. | Case No. 12-cv-02773-BLF<br><br>**ORDER DENYING, WITHOUT PREJUDICE, DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. Nos. 67, 71, 72 |

Before the Court is Defendants' April 30, 2014 administrative motion to file under seal exhibits relating to their "Motion to Dismiss Plaintiff Dominion's Complaint for Lack of Standing." Dkt. Nos. 67-69. The documents forming these exhibits were designated confidential by Plaintiff and, in accordance with Civil L.R. 79-5(e), Plaintiff submitted two declarations on May 5, 2014 in support of the requested sealing. Dkt. Nos. 71-72. Because Plaintiff's supporting declarations do not articulate a compelling reason to seal each exhibit, and further because the request is not narrowly tailored to only sealable material, Defendants' motion to file under seal is DENIED without prejudice.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). A party seeking to seal a judicial record relating to a dispositive motion—such as a motion to dismiss—bears the burden of overcoming this "strong presumption in favor of access" by meeting the "compelling reasons" standard. *Id.* at 1179. This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* (citing *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Under the "compelling reasons" standard, the proponent of sealing must "articulate[] compelling reasons supported by specific factual findings" for sealing judicial records, and the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (citations and internal quotations omitted). If the Court decides to grant the sealing request, "it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* In this District, parties seeking to seal judicial records must also follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

## II.   DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL

The present administrative motion to file under seal concerns fifteen exhibits submitted by Defendants in connection with their "Motion to Dismiss Plaintiff Dominion's Complaint for Lack of Standing," which is a dispositive motion. Dkt. Nos. 67-69. Pursuant to Civil L.R. 79-5(d) and (e), Defendants seek to seal entire documents—as well as portions of its motion to dismiss brief quoting from or referring to these documents—that Plaintiff designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the protective order in this case. Dkt. No. 67-1; *see also* Dkt. No. 34 (Stipulated Protective Order). In accordance with Civil L.R. 79-5(e), Plaintiff filed two declarations on May 5, 2014 in support of the sealing request, Dkt. Nos. 71-72, and the Court considers Plaintiff's declarations to determine whether sealing is appropriate.

### A.   Defendants' Exhibits 14, 18, 26, 28

Defendants' Exhibits 14, 18, 26, and 28 consist of agreements between Plaintiff and Acacia Research Group, LLC ("Acacia"). Defendants seek to lodge these exhibits under seal in their entirety, and Plaintiff has provided the declaration of Acacia's Vice President of Contracts in support. Dkt. No. 72 ("Miller Declaration"). The Miller Declaration asserts, in vague terms, that these agreements contain "terms and conditions" or "confidential information regarding Acacia licensing activities" that, if disclosed, would place Acacia at a competitive disadvantage, both generally and in negotiations with business partners. *Id.* at 2:19-25.

While the Court is sensitive to the desire of a third party to protect its confidentiality and

competitive advantage, the Miller Declaration provides no specific facts from which the Court may conclude that a "compelling reason" to seal outweighs the general presumption of access. *See Kamakana*, 447 F.3d 1172, at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."). Moreover, even though the Court recognizes that portions of these agreements are likely sealable, the Court is not persuaded that each agreement is sealable in its *entirety*, as each appears to contain boilerplate contract language.

Because Plaintiff has failed to provide specific facts to support a "compelling reason" to seal these exhibits, and because such request is not narrowly tailored as required by law, Defendants' request to file Exhibits 14, 18, 26, and 28 under seal is DENIED without prejudice.

### B. Defendants' Exhibits 15-17, 19-22, 25, 27, 30

Defendants' Exhibits 15-17, 19-22, 25, 27, and 30 are communications (email chains and letters) between Plaintiff and Acacia concerning the agreements discussed in Part II.A. The Miller Declaration addresses these communications by cursorily asserting that they are "confidential communications between Acacia and Dominion concerning their relationship," the disclosure of which would "place Acacia at a disadvantage in its dealings with other business partners." Dkt. 72 at 2:26-28.

The same deficiencies discussed in Part II.A apply equally to Plaintiff's proffered reasons for sealing these exhibits: there are no specific facts from which the Court can find a compelling reason to seal and, though the Court recognizes that certain portions may be sealable, the request to seal each exhibit in its entirety is not narrowly tailored as required by law. Accordingly, Defendants' request to file Exhibits 15-17, 19-22, 25, 27, and 30 under seal is DENIED without prejudice.

### C. Defendants' Exhibit 24

Defendants' Exhibit 24 consists of excerpts from the deposition of Plaintiff's Managing Director, Keith Keeling, concerning Plaintiff's relationship with Acacia. In support of the request

3

to seal these excerpts, Plaintiff submitted a declaration from Mr. Keeling. Dkt. No. 71 ("Keeling Declaration"). Similar to the Miller Declaration, the Keeling Declaration vaguely asserts that Exhibit 24 "contains information regarding Dominion's business activities and intellectual property" the disclosure of which "*may* place Dominion at a disadvantage in its dealings with other business partners." *Id.* at 2:18-22 (emphasis added).

While Plaintiff may be correct in claiming that the reasons articulated in the Keeling Declaration demonstrate "good cause" to seal Exhibit 24 under Fed. R. Civ. P. 26(c), that lower standard only applies to non-dispositive motions. *Kamakana*, 447 F.3d 1172, at 1180. "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id.* This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179.

Thus, the Court finds that Plaintiff's general assertions of confidentiality and potential competitive harm from publicly disclosing Exhibit 24 are insufficient to satisfy the "compelling reason" standard for sealing. The court recognizes that portions of this exhibit are likely sealable, but the current request to seal the exhibit in its entirety is not narrowly tailored as required by law. Accordingly, Defendants' request to file Exhibit 24 under seal is DENIED without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants' administrative motion to file under seal is DENIED without prejudice. Plaintiff shall have until **May 16, 2014** to:

1) Submit new or revised declarations articulating compelling reasons supported by specific factual findings in favor of sealing all, or portions of, Defendants' Exhibits 14-22, 24, 25-28, and 30; and,

2) To the extent only a portion of an exhibit is sealable, propose narrowly tailored redactions to seal only the sealable portion of that exhibit and (if applicable) the corresponding portion of Defendants' motion to dismiss brief.

4

**IT IS SO ORDERED.**

Dated: May 9, 2014

_____
BETH LABSON FREEMAN
United States District Judge