# EXHIBIT 4:

## TERMINATION AND ASSIGNMENT AGREEMENT

This Termination of Patent andAssignment Agreement (the "Agreement") is entered into by and between **ACACIA RESEARCH GROUP LLC**, a Texas limited liability company having a principal place of business at 6136 Frisco Square Boulevard, Suite 385, Frisco, TX 75034("Assignor");and **DOMINION ASSETS LLC**, a Delaware limited liability company having a principal place of business at 46090 Lake Center Plaza, Suite 208, Potomac Falls, Virginia 20165 ("Dominion").Assignor and Dominion shall be collectively referred to herein as "Parties" or individually as "Party". The effective date of this Agreement shall be the date on which the last Party executes this Agreement below (the "Effective Date").

### BACKGROUND

**WHEREAS**, Assignor (formerly Acacia Patent Acquisition LLC, a Delaware limited liability company) and Dominion are parties to a patent assignmentagreement dated December 10, 2010 ("Patent Assignment Agreement");

**WHEREAS**, Assignor desires to transfer and convey to Dominion all of its interest in and to the Patents identified on Exhibit A to this Agreement (the "Returned Patents") subject to any and all(i) encumbrances, rights, licenses, settlements, covenants not-to-sue and releases granted to any third party prior to the Effective Date (collectively "Encumbrances"), and (ii) the terms and conditions of this Agreement; and

**WHEREAS**, the Parties desire to terminate the Patent Assignment Agreement, subject to survival terms provided therein.

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and for other good and valuable consideration, the Parties agree as follows:

1. **TERMINATION OF PATENT ASSIGNMENT AGREEMENT AND GRANT OFASSIGNMENTRIGHTS**

    1.1  Termination.  As of the Effective Date, the Parties hereby terminatethe Patent Assignment Agreement, subject to survival terms provided therein.

    1.2  Transfer.Assignor hereby does transfer and assign unto Dominion all of Assignor's rights, obligationsand interests in and to the Returned Patents including, without limitation, all rights of Assignor to sue for and collect past, present, and future damages and the right to all past, present, and future claims or causes of action for damages or equitable relief for infringement of the Returned Patents, subject to any and all Encumbrances. After the Effective Date, Dominionshall have the sole legal and financial responsibility to maintain the Returned Patents.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                              DOM115861

1.3 Encumbrances. Dominion accepts the Returned Patents subject to any and all Encumbrances, including, without limitation, those granted to Oracle Corporation, Microsoft Corporation and Samsung Electronics Co., Ltd.

2. RELEASES; AS-IS

2.1 Releases. As of the Effective Date, Dominiondoes hereby for itself and its legal successors, heirs and assigns, release and absolutely discharge Assignor, and each of its current and former employees, representatives, agents, attorneys, officers, directors, parents, affiliates and/or subsidiaries, past and present, of and from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations, costs, expenses, liens, attorneys' fees, actions and causes of action of every kind and nature whatever, known and unknown, related to, arising out of or in connection with the Patent Assignment Agreement, the Encumbrancesand the Returned Patents (the "Released Matters").

2.2 Unknown Claims. Dominion expressly acknowledges and agrees that this Agreement fully and finally releases and forever resolves the Released Matters including that which is unknown, unanticipated or unsuspected or that may hereafter arise as a result of the discovery of new and/or additional facts. Dominion acknowledges and understands the significance and potential consequences of its release of unknown claims.

2.3 AS-IS. Any and all interests in the Returned Patents are being conveyed by Assignor "as is", "where is" and with all faults. Assignor does not make or provide ANY warranty, express or implied, as to the nature, quality, value or condition of the Returned Patents. Assignor expressly disclaims any warranty of merchantability, fitness for a particular purpose or non-infringement. Assignor shall not be liable for any damages of any type or nature (whether in contract, tort or otherwise) sustained or claimed by Dominionor any other person or entity claiming through Dominionin connection with the Returned Patents. Dominionacknowledges and agrees that any written or oral descriptions of the Returned Patents previously provided shall be considered statements of opinion, have not been relied upon by Dominion, and shall not be deemed to create any type of representation or warranty with respect to any aspect of the Returned Patents.

3. CONFIDENTIALITY

3.1 The Parties agree to keep in confidence and not to disclose to any third party the terms and conditions of this Agreement (although they may disclose the existence of this Agreement), except to the extent required by statute or regulation, subpoena or order of a court of competent jurisdiction and except to their respective agents, employees, principals, attorneys, auditors, financial representatives and advisors; and provided that

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

DOM115862

any third party to which disclosure is made as provided in this Section 3.1 shall agree to hold the information confidential, except as otherwise required by any subpoena or court order.

4. **GOVERNING LAW**

   4.1  This Agreement shall be governed by, and construed in accordance with, the laws of the State of Texas, without regard of conflicts provisions (except to the extent preempted by any federal law).

5. **MISCELLANEOUS**

   5.1  This Agreement may be amended or modified only by a written agreement executed by all the Parties hereto. This Agreement constitutes the entire agreement of the Parties. This Agreement may be executed in one or more counterparts and a faxed copy of a signature page shall be considered an original for the purposes of this Agreement. If any provision of this Agreement or the application thereof to any person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law. The failure to act upon any default hereunder shall not be deemed to constitute a waiver of such default.

   5.2  The Parties agree to deal with each other fairly and in good faith in order to carry out the intent and purpose of this Agreement. Assignor hereby further agrees that it will execute and deliver all documents and take any actions that may be reasonably necessary or desirable to perfect the transfer of any rights in the Returned Patents as contemplated herein.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date set forth below.

ACACIA RESEARCH GROUP LLC

By: _____

Print Name: Marvin E Key

Title: CEO

Date: April 18, 2014

DOMINION ASSETS LLC

By: _Keith R. Keeling_

Print Name: Keith R Keeling

Title: Managing Director

Date: April 14, 2014

Approved as to form _____
Michael J Kim

Page 3 of 5

## EXHIBIT A

### RETURNED PATENTS:

#### U.S. PATENTS & APPLICATIONS

| US Patent No. | US Appl. No. | Filing Date | Issue Date | Title |
|---|---|---|---|---|
| *5379764 | 07/987766 | 12/9/1992 | 1/10/1995 | NON-INVASIVE DETERMINATION OF ANALYTE CONCENTRATION IN BODY OF MAMMALS |
| - | *08/271269 | 7/6/1994 | - | n/a |
| *5360004 | 08/059164 | 5/7/1993 | 11/1/1994 | NON-INVASIVE DETERMINATION OF ANALYTE CONCENTRATION USING NON-CONTINUOUS RADIATION |
|  | *08/060706 | 5/13/1993 | - | n/a |
| *5460177 | 08/059162 | 5/7/1993 | 10/24/1995 | METHOD FOR NON-INVASIVE MEASUREMENT OF CONCENTRATION OF ANALYTES IN BLOOD USING CONTINUOUS SPECTRUM RADIATION |

*Expired or Abandoned

#### FOREIGN PATENTS & APPLICATIONS

| Foreign Patent or Publication No. | Publication Date | Filing Date | Country | Title |
|---|---|---|---|---|
| WO9613204A1 | 1996-05-09 | 1994-10-28 | WIPO | DETERMINATION OF ANALYTE CONCENTRATION USING NON-CONTINUOUS RADIATION |
| WO9613202A1 | 1996-05-09 | 1994-10-28 | WIPO | NON-INVASIVE DETERMINATION OF ANALYTE CONCENTRATION IN BODY OF MAMMALS |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY                                  DOM115864

| Foreign Patent or Publication No. | Publication Date | Filing Date | Country | Title |
|---|---|---|---|---|
| *JP07132120A2 | 1995-05-23 | 1994-05-09 | Japan | NONINVASIVE MEASURING METHOD AND DEVICE OF SPECIMEN CONCENTRATION USING DISCONTINUOUS |
| *EP0623307A1 | 1994-11-09 | 1994-05-06 | Europe | Non-invasive determination of constituent concentration using non-continuous radiation |
| *CA2123152AA | 1994-11-08 | 1994-05-09 | Canada | NON-INVASIVE DETERMINATION OF ANALYTE CONCENTRATION USING NON-CONTINUOUS RADIATION |
| *AU8094894A1 | 1996-05-23 | 1994-10-28 | Australia | NON-INVASIVE DETERMINATION OF ANALYTE CONCENTRATION IN BODY OF MAMMALS |
| *AU6186494A1 | 1994-11-10 | 1994-05-04 | Australia | NON-INVASIVE DETERMINATION OF ANALYTE CONCENTRATION USING NON-CONTINUOUS RADIATION |
| WO9613201A1 | 1996-05-09 | 1994-10-28 | WIPO | NON-INVASIVE MEASUREMENT OF ANALYTE CONCENTRATION IN BLOOD |
| *JP07136152A2 | 1995-05-30 | 1994-05-09 | Japan | METHOD AND DEVICE TO UNINVASIVELY MEASURE CONCENTRATION OF BLOOD COMPONENT OF ANIMAL |
| *EP0623306A1 | 1994-11-09 | 1994-05-06 | Europe | Method for non-invasive measurement of concentration of analytes in blood using continuous spectrum radiation |
| *CA2123153AA | 1994-11-08 | 1994-05-09 | Canada | METHOD FOR NON-INVASIVE MEASUREMENT OF CONCENTRATION OF ANALYTES IN BLOOD USING CONTINUOUS SPECTRUM RADIATION |
| *AU6186394A1 | 1994-11-10 | 1994-05-04 | Australia | METHOD FOR NON-INVASIVE MEASUREMENT OF CONCENTRATION OF ANALYTES IN BLOOD USING CONTINUOUS SPECTRUM RADIATION |



**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**                    DOM115865